UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-104 |
| | ) | (VARLAN/SHIRLEY) |
| PARTHENIA J. CLABOUGH, | ) | |
| GABRIEL E. DIAZ, | ) | |
| CHRISTOPHER W. JONES, and | ) | |
| CORTNEY BUNCH , | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court pursuant to Defendant Bunch's Motion to Continue Pretrial Conference and Trial [Doc. 37] filed on September 15, 2009. The parties appeared before the undersigned on September 17, 2009 for a scheduled motion hearing and pretrial conference. Assistant United States Attorney Matthew Morris was present at the hearing on behalf of the government. Attorney Bradley Henry appeared on behalf of Defendant Bunch. Attorney Bruce Poston appeared on behalf of Defendant Jones. Attorney Ronald Newcomb appeared on behalf of Defendant Clabough. Attorney Angela Morelock appeared on behalf of Defendant Diaz, who was also present.

Defendant Bunch's motion asks the Court to continue the motion filing deadline, the pretrial conference, the plea negotiation deadline, and the trial date because Defendant Bunch made her

1

initial appearance in this case just 17 days ago and her defense counsel, Attorney Henry, received what he describes as "voluminous" discovery only 15 days ago. The motion states that Defendant Bunch and Attorney Henry will require additional time to review the discovery to determine whether any motions are warranted. At the September 17 hearing, Attorney Newcomb orally joined in Defendant Bunch's motion to continue on behalf of his client, Defendant Clabough. Attorneys Morelock and Poston stated that their clients, Defendants Diaz and Jones, had no objection to the motion. The government also had no objection. Defense counsel all stated that their clients were aware of their speedy trial rights. Defense counsel also stated that they had discussed the need for a trial continuance with their clients and that all of the Defendants wanted the trial to be continued. Defendant Diaz, the only Defendant detained thus far in this case, himself stated that he wanted the trial continued and that he understood that he would remain in custody pending the new trial date. The parties agreed on a new trial date of January 11, 2010. The parties also agreed that all time between the September 17, 2009 hearing and the new trial date of January 11, 2010 is fully excludable time under the Speedy Trial Act.

The Court finds that the parties have shown good cause to continue the motion filing deadline, the pretrial conference, and the plea negotiation deadline. The Court **ORDERS** that the motion filing deadline be extended to **October 1, 2009** and the motion response deadline be set as **October 15, 2009**; the plea negotiation deadline be extended to **January 4, 2010**; and the pretrial conference before the undersigned be reset for **October 20, 2009, at 9:30 a.m.**

The Court also finds that Defendant Bunch's request to continue the trial is well-taken and that the ends of justice served by continuing the trial outweigh the best interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants have all recently

2

received extensive discovery and they need the reasonable time necessary to review that discovery in order to effectively prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Defendants also need the reasonable time necessary to review the discovery to determine whether the filing of any pretrial motions is warranted. See 18 U.S.C. § 3161(h)(7)(B)(iv) and (h)(1)(D). Following the filing of any pretrial motions, the Court will need time, not to exceed thirty days, to prepare, as may be appropriate, a memorandum and order or a report and recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial in light of the ultimate ruling on any motions. The Court finds, and the parties agree, that all of this could not take place before the October 5, 2009 trial date or in less than four months. Thus, without a trial continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Bunch's Motion to Continue **[Doc. 37]** is **GRANTED.** The Court **ORDERS** that the trial be continued and reset to commence on **January 11, 2010.** The Court finds that all the time between the September 17, 2009 hearing and the new trial date of January 11, 2010 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B) and (h)(1)(D).

It is **ORDERED**:

(1) The motion filing deadline is extended to **October 1, 2009** and the motion response deadline is set as **October 15, 2009**;

(2) The pretrial conference before the undersigned is reset for **October 20, 2009, at 9:30 a.m.**;

(3) The plea negotiation deadline is extended to **January 4, 2010**;

(4) The trial of this matter is reset to commence on **January 11, 2010**, before the Honorable Thomas A. Varlan, United States District Judge; and

3

(5) All time between the **September 17, 2009** hearing and the new trial date of **January 11, 2010** is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4

Case 3:09-cr-00104-TAV-CCS   Document 39   Filed 09/17/09   Page 4 of 4   PageID #: 94